UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MALIBU MEDIA, LLC,
    *Plaintiff*,

v.

JOHN DOE subscriber assigned IP address 32.210.49.237,
    *Defendant*.

No. 3:18-cv-01037 (VLB)

## ORDER GRANTING MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

Plaintiff Malibu Media LLC alleges that defendant John Doe, identified only by his IP address, committed copyright infringement by distributing plaintiff's adult films using BitTorrent, a peer-to-peer file distribution network. Dkt. No. 1. Plaintiff moves pursuant to Fed R. Civ. P. 26(d)(1) for leave to serve a third-party subpoena on defendant's internet service provider ("ISP") for the limited purpose of discovering defendant's identity; only with defendant's identity will plaintiff be able to serve defendant with process and proceed with the case. Dkt. No. 9-2, at 13. For substantially the reasons set forth in plaintiff's motion and supporting documents, I will GRANT the motion, having concluded that plaintiff has established good cause for entry of this order.

Plaintiff acknowledges the concerns raised by many courts around the nation that, given the nature of the films allegedly distributed by defendants, defendants may feel coerced to settle these suits merely to prevent public

disclosure of defendants' identifying information.[1] *See, e.g.*, *Malibu Media, LLC v. Doe*, 2015 WL 4092417 (S.D.N.Y.); *Malibu Media, LLC v. Doe*, 2015 WL 1780965 (S.D.N.Y.); *Malibu Media, LLC v. Doe*, 2015 WL 4923114 (S.D.N.Y.). I share these concerns. This order is therefore subject to the following conditions and limitations:

1. Plaintiff may subpoena defendant's ISP only to obtain defendant's name and address, but not defendant's e-mail or telephone number. Plaintiff may only use defendant's name and address, if obtained by defendant's ISP, for the purposes of this litigation; plaintiff is ordered not to disclose defendant's name or address, or any other identifying information other than defendant's ISP number, that plaintiff may subsequently learn. Plaintiff shall not threaten to disclose any of defendant's identifying information. Defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after defendant has had an opportunity to challenge the disclosure. Therefore, plaintiff is ordered not to publicly file any of defendant's identifying information and to file all documents containing defendant's identifying information under seal.

2. Plaintiff may immediately serve a Rule 45 subpoena on defendant's ISP to obtain defendant's name and current and permanent address. Plaintiff is expressly not permitted to subpoena the ISP for defendant's e-mail addresses or telephone numbers. Plaintiff shall serve defendant's ISP with a copy of the complaint, this Order, and the subpoena.

3. After having been served with the subpoena, the ISP will delay producing to plaintiff the subpoenaed information until after it has provided defendant John Doe with:

    a. Notice that this suit has been filed naming defendant as the one that allegedly downloaded copyright protected work;

    b. A copy of the subpoena, the complaint filed in this lawsuit, and this Order; and

    c. Notice that the ISP will comply with the subpoena and produce

---

[1] **Plaintiff consents to conditions in this order prohibiting it from initiating a settlement with defendant prior to serving him with the complaint, as well as an order allowing defendant to proceed anonymously. Dkt. No. 9-2, at 4-5.**

to plaintiff the information sought in the subpoena unless, within 60 days of service of the subpoena on defendant by the ISP, defendant files a motion to quash the subpoena or for other appropriate relief in this Court. If a timely motion to quash is filed, the ISP shall not produce the subpoenaed information until the Court acts on the motion.

4. **Defendant's ISP will have 60 days from the date of service of the Rule 45 subpoena upon it to serve defendant John Doe with a copy of the complaint, this Order, and the subpoena. The ISP may serve defendant John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.**

5. **Defendant John Doe shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISP may not turn over the identifying information of defendant to plaintiff before the expiration of this 60-day period. Additionally, if defendant or the ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested discovery.**

6. **Defendant's ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.**

7. **Defendant's ISP shall confer with plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If defendant's ISP receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to plaintiff.**

8. **Any information ultimately disclosed to plaintiff in response to a Rule 45 subpoena may be used by plaintiff solely for the purpose of protecting plaintiff's rights as set forth in its complaint.**

                            IT IS SO ORDERED

                            _____/s/_____
                            **Hon. Vanessa L. Bryant**
                            **United States District Judge**

**Dated at Hartford, Connecticut: July 30, 2018**